**BRAZIS, Admr., et, Appellee v NATIONAL TELEPHONE SUPPLY COMPANY, Appellant.**

Ohio Appeals, 8th District, Cuyahoga County.

No. 18931.  Decided December 21, 1942.

N. D. Davis, Cleveland, N. M. Botwin, Cleveland, for plaintiff-appellee.

McKeehan, Merrick, Arter & Stewart, Cleveland, Thomas V. Koykka, Cleveland, for defendant-appellant.

Lemert, PJ., Montgomery, J., Sherick, J., of the 5th District, sitting by designation.

### OPINION

By SHERICK. J.

Inasmuch as this appeal does not present a new question of law, and only requires the application of well established rules to the particular facts of this action, we shall proceed at once to a consideration of the errors assigned without a recitation of a preliminary statement.

The defendant, appellant, maintains that the verdict and judgment entered thereon cannot stand for two reasons.  First, that

the plaintiff failed to maintain the issue of proof of agency by any credible evidence.

When the record is examined it becomes apparent that the entire proof of agency is predicated upon the fact that defendant's automobile participated in an accident which injured plaintiff and the answer of defendant's president to a question asked during the course of his cross-examination in the making of plaintiff's case which was received under objection. The witness's answer is, "I was informed the next day that Murphy had driven the car." This appears on page 60 of the record. The court's reason for the allowance of this bit of all important evidence appears on page 264 of the record, wherein it is made to appear that "the evidence which proves that fact comes from the hearsay testimony of the president but under the circumstances that I think are the best guarantee of its trustworthiness." In other words, the court admitted it because of the probability of its being true. As we see it, the reason this kind of evidence is inadmissible rests on the fact that it is hearsay and not whether it is true or false. To our notion the situation encountered presents an excellent example for the existence of the rule. Some one else is permitted to testify through the medium of the witness, who in this case is defendant's president, called for the purpose of cross-examination.

It is conceived in tottering weakness, but, bolstered by the lips from which it comes it became an indisputable truth. It has here produced the uncontrovertable fact of which the plaintiff stood in dire need, without which she must fail. Even the Scottish courts which admit such evidence for what it is worth, do not permit one to make his case on this kind of evidence alone and which his adversary can not successfully refute.

The admission of this evidence was prejudicially erroneous. Had it been excluded, plaintiff's only proof of agency rested upon the fact that it was defendant's car which was engaged in the accident.

The plaintiff has failed in a second respect to maintain this issue, even if it were to be conceded that defendant's agent was driving the vehicle at the time of the accident for the reason that there was no proof offered upon the point that its agent was then engaged on his master's errand. It clearly appears that the scene of the accident was a half mile east of any point to which the driver's errand could have taken him. It occurred an hour later than the time of delivery. It is therefore self-evident that the jury was permitted to engage in pure speculation upon this matter. Contrary to the rule of **Sobolovitz v Lubric Oil Co., 107 Oh St 204**, the jury was permitted and encouraged to place inference upon inference in arriving at its verdict, otherwise it could not have so found.

The second reason assigned by appellant for disturbing the judgment is also well taken. It is asserted that the accident had nothing to do with the subsequent death of the decedent which oc-

curred three months thereafter. The cause of death was "cerebral hemorrhage".

We pass over the matter of structure and content of the hypothetical question propounded to plaintiff's medical expert and go direct to his answer thereto. The doctor testified that it, the accident, was a "competent producing cause" of the heart ailment. When called upon to clarify the term used, he said he meant that it was a "theoretical possibility" that the accident caused subsequent heart injury. It is true that in at least one place this witness considers the "accident a probable source of increased blood pressure" but when his testimony is considered as a whole it is evident that he only goes so far as to engage in possibilities and not probabilities. There was no proof offered in this case to the effect that decedent suffered an injury to the artery leading into the kidney and such an injury is the only kind of trauma that could or might thereafter cause a hardening of the artery and result in an enlarged blood pressure which might culminate in cerebral hemorrhage. So says this witness. No proof was offered of injury to this particular blood vessel. The hypothetical question did not contain a reference thereto. Clearly the doctor states that unless the question presupposed an injury to this blood vessel, his answer must be modified to the extent that unless such an injury did in fact exist the accident could not have caused increased blood pressure. This being true, the testimony of this expert only establishes possibilities and not probabilities of all that which eventually terminated in death. It has been repeatedly held that opinion possibilities cannot be considered as proof of casual connection between accident and subsequent death.

It is therefore this court's judgment that appellee completely failed upon these two issues to maintain the burden of proof thereby which the law cast upon her. It follows that the trial court erred in its refusal to sustain defendant's motion for a directed verdict and for judgment, notwithstanding the verdict.

The judgment is reversed and final judgment is entered for appellant.

Other errors are assigned which if found true would cause a reversal and a remanding of the case. We have not considered these matters for the very patent reasons hereinbefore stated, that final judgment must be entered for defendant appellant.

LEMERT, PJ., MONTGOMERY, J., concur.